```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| James L. Roudabush, Jr., #82038-083, )<br>)<br>        Petitioner, )<br>)<br>v.  )<br>)<br>Mark Inch, et al. )<br>)<br>        Defendants. )<br>_____) | Civil Action No. 8:18-cv-2314-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court on Plaintiff James L. Roudabush's pro se complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On September 21, 2018, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion to proceed in forma pauperis and that the Court grant Plaintiff 21 days from the date this Court rules on Plaintiff's motion to proceed in forma pauperis to permit Plaintiff to file the required filing fee of $400. If Plaintiff fails to pay the filing fee, the Magistrate Judge recommends that the matter be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g) and that the Clerk enter final judgment at the close of the 21-day period during which Plaintiff may pay the filing fee. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Plaintiff's motion to proceed in forma pauperis should be denied in light of his "three strikes."

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 15) and denies Plaintiff's motion to proceed in forma pauperis (ECF No. 8). Plaintiff shall have 21 days from the date this order is filed to pay the filing fee of $400, and the Clerk of Court shall withhold entry of judgment until the 21 days expires. If Plaintiff pays the filing fee, then the matter will return to the Magistrate Judge for further initial review, but if Plaintiff fails to pay the filing fee, then the action will be dismissed without prejudice under the "three strikes" rule of 28 U.S.C. § 1915(g), and the Clerk will enter the final judgment

after expiration of the 21-day period.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
Bruce Howe Hendricks
United States District Judge

October 15, 2018
Charleston, South Carolina